In support of the text we find cited many cases, among them being Ex parte Gilmore, 88 Tex. Cr. R. 529, 228 S. W. 199; Ex parte Lewis, 75 Tex. Cr. R. 320, 170 S. W. 1098.

 The decision by the Supreme Court of the United States in Ribnik v. McBride, supra, touching the power of the state to regulate fees that may be charged by employment agents, is binding upon this court. Giving it effect in the present case, it becomes our duty to order a reversal.

The judgment is reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### HENSON v. STATE.

No. 15671.

Court of Criminal Appeals of Texas.

Nov. 9, 1932.

R. H. Templeton, of Wellington, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense, possessing intoxicating liquor for the purpose of sale; the punishment, one year in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

HAWKINS, J., not sitting.